■ CHRISTOPHER SPIERER et al., Appellants, v BLOOMINGDALE's, a Division of FEDERATED DEPARTMENT STORES, INC., et al., Defendants, and STERNBERGER WAREHOUSE, LTD., et al., Respondents. [841 NYS2d 872]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered February 14, 2006, which, to the extent appealed from, granted the motions by the Sternberger and Milton Goris defendants for summary judgment dismissing the complaint against them, unanimously affirmed, with costs.

This is a personal injury action for damages from injuries allegedly sustained as a result of exposure to toxic chemicals in mattresses manufactured by defendant Simmons and purchased from defendant Bloomingdale's. The evidence was sufficient to establish, prima facie, that the alleged defective condition of the mattresses was not due to the negligence of the storage and delivery companies (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Plaintiffs' other theories of liability, which were not pleaded or raised before the trial court and are thus not preserved for appellate consideration (*see MacKay v Misrok*, 215 AD2d 734 [1995]), are without merit.

Respondents' motions were timely and not barred by the requirement in CPLR 3212 (a) that a motion for summary judgment be brought within 120 days after filing of a note of issue, as the court's order of August 13, 2004 reserved defendants' right to file such motions up to 60 days after completion of discovery.

We have considered plaintiffs' remaining arguments and find them without merit. Concur—Andrias, J.P., Sullivan, Catterson, McGuire and Malone, JJ.